UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonathan Turner, | Case No. 23-CV-0559 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tracy Beltz, Warden of MCF Faribault; and Keith Ellison, Attorney General of the State of Minnesota, | |
| Respondents. | |

Petitioner Jonathan Turner commenced this matter with a "motion for a stay and abeyance" — in effect, a request that he be granted additional time in which to file a petition for a writ of habeas corpus. (*See* Dkt. 1.) The motion was itself docketed as a habeas corpus petition, and Turner was directed by the Clerk of Court on March 9, 2023, to either pay the $5.00 filing fee for initiating habeas litigation or apply for *in forma pauperis* ("IFP") status within 15 days. (*See* Dkt. 4.) Failure to do so, Turner was warned, could result in dismissal of this matter without prejudice for failure to prosecute.

The deadline established by the Clerk of Court has now passed, and Turner has not paid the filing fee or applied for IFP status. Accordingly, this Court now recommends, in accordance with the warning previously given to Turner, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure

1

to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

A few points, however, are worth further expanding upon. First, even if Turner had elected to pay the filing fee for this proceeding or apply for IFP status, "the Court cannot extend the limitations period or preemptively excuse a petitioner's failure to timely file a habeas petition." *Thomas v. Minnesota*, No. 21-CV-1955 (MJD/ECW), 2021 WL 4691430, at *2 (D. Minn. Sept. 8, 2021); *accord Henderson v. Minnesota*, No. 22-CV-0566 (WMW/ECW), 2022 WL 2919412, at *1-2 (D. Minn. Apr. 21, 2022). Second, any habeas petition filed by Turner today would appear to already be untimely by nearly a decade. *See* 28 U.S.C. § 2244(d). The judgment in Turner's criminal proceedings became final in 2013, *see Turner v. State*, No. A20-0989, 2021 WL 1525221, at *1 (Minn. Ct. App. Apr. 13, 2021) (setting forth procedural history of state-court proceedings), and the factual basis upon which Turner seems to be contemplating seeking habeas corpus relief has been known to Turner by his own account since at least that time (*see* Dkt. 1 1-2). Because it is already too late for Turner to seek federal habeas relief, neither extending the period for him to seek relief nor employing a stay-and-abeyance procedure would do Turner any good. Third, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and Turner has not established good cause for his failure to pursue his claims earlier.

2

In any event, Turner has not paid the nominal fee for initiating habeas corpus litigation in this District or asked to be excused from paying that fee. Because the deadline for doing so has passed, it is now recommended that this matter be dismissed without prejudice for lack of prosecution.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: April 14, 2023                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).