UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jonathan Turner, | Case No. 23-CV-0559 (ECT/ECW) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Tracy Beltz, Warden of MCF Faribault; and Keith Ellison, Attorney General of the State of Minnesota, | |
| Respondents. | |

Petitioner Jonathan Turner initiated this action by filing a "motion for a stay and abeyance" requesting that he be granted additional time in which to file a petition for a writ of habeas corpus. (Dkt. 1.) The motion was docketed as a habeas corpus petition, and Turner was directed by the Clerk of Court on March 9, 2023, to either pay the $5.00 filing fee for initiating habeas litigation or apply for *in forma pauperis* ("IFP") status within 15 days, failing which this matter would be subject to dismissal for failure to prosecute. (*See* Dkt. 4.) When that deadline passed with no response from Turner, this Court recommended that this matter be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Turner then filed a timely objection to that recommendation along with an application to proceed IFP. (*See* Dkts. 10, 11.) Because Turner filed his IFP application within the time allowed for filing objections, The Honorable Judge Eric Tostrud overruled the recommendation for dismissal for failure to prosecute. (*See* Dkt. 13.) This matter is thus now again before the Court for review pursuant to Rule 4 of The Rules Governing Section 2254 Cases in the United States District Courts. Upon that review, this Court recommends that the petition be denied for failure to state a cognizable habeas claim.

In 2010, Turner was found guilty of two counts of first-degree murder; Turner then proceeded to seek relief from those convictions. *See Turner v. State*, A20-0989, 2021 WL 1525221, at * 1 (Minn. Ct. App. June 29, 2021) (setting forth the full procedural history of the state-court proceedings). Ultimately, in 2013, Turner pleaded guilty to second-degree murder in exchange for the vacation of his first-degree murder charges and the dismissal of his pending appeal. *Id.* Turner, however, filed again for postconviction relief in 2015, claiming that "he was denied effective assistance of counsel, his guilty plea to second-degree murder was invalid, his sentence was illegal, and he found newly discovered evidence." *Id.* The postconviction court denied his petition. The Court of Appeals affirmed. *Id.* (citing *Turner v. State*, No. A15-1822, 2016 WL 3659267 (Minn. Ct. App. July 11, 2016), *rev. denied* (Minn. Sept. 28, 2016). The Minnesota Supreme Court denied his petition for further review. *Id.* Turner has continued to file petitions for post-conviction relief in state court requesting to withdraw

his guilty plea and to present newly discovered evidence. *Id.* To date, these petitions have all been denied. *Id.*

Reasoning that the last state court order concerning his convictions was April 26, 2022, and the deadline for filing a habeas corpus petition under 28 U.S.C. § 2254 is one year later, Turner requests an extension of time to request federal habeas relief on the grounds that he continues to seek relief in state court. (*See* Dkt. 1.) Turner's request should be denied for at least three reasons.

First, as the Court understands it, Turner is asking for an extension of time to file petition for habeas relief. (*See* Dkt. 1.) However, the Court "cannot extend the limitations period or preemptively excuse a petitioner's failure to timely file a habeas petition." *Thomas v. Minnesota*, No. 21-CV-1955 (MJD/ECW), 2021 WL 4691430, at *2 (D. Minn. Sept. 8, 2021); *accord Henderson v. Minnesota*, No. 22-CV-0566 (WMW/ECW), 2022 WL 2919412, at *1-2 (D. Minn. Apr. 21, 2022).

Second, Turner misapprehends the law. Pursuant to 28 U.S.C. § 2244(d), a federal habeas petition must be filed within one year of the latest of four dates. 28 U.S.C. § 2244(d)(1)(A)-(D). The first of those dates is the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The judgment in Turner's criminal proceedings became final in 2013. *See Turner*, 2021 WL 1525221, at *1. Thus, any habeas petition Turner would file today (or any future day) would likely be untimely by nearly a decade. *See* 28 U.S.C. § 2244(d). Turner's claim that his habeas petition would not be untimely because he continues to seek relief in state court (Dkt. 10) is unavailing. While a

3

properly filed postconviction petition in State court tolls the one-year limitations period, *see* 28 U.S.C. § 2254(d)(2), Turner pleaded guilty in 2013 and did not seek postconviction relief until 2015, *see Turner*, 2021 WL 1525221, at *1, by which time the period for filing a **direct** appeal had long expired, *see* Minn. R. Crim. P. 28.02 subd. 4(3)(a) (the defendant must file an appeal within 90 days of final judgment or entry of the order being appealed). Because Turner did not seek postconviction relief until after his period for direct appeal had expired, his successive post-conviction petitions in State court have not operated to extend his deadline for requesting federal habeas relief.

There is no basis, moreover, for the one-year limitations period to begin to run from some later date. 28 U.S.C. § 2244(d)(1)(B)-(D). Turner does not claim that he was initially prevented from filing the habeas action by some impediment created by State action in violation of the Constitution or federal law that has since been removed, 28 U.S.C. § 2244(d)(1)(B), nor he has asserted some constitutional right newly recognized by the Supreme Court, 28 U.S.C. § 2244(d)(1)(C).

This leaves 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." By his own account, however, Turner has been aware of the alleged *Brady* violation since at least 2013. (Dkt. 1 ¶ 4.) The 1-year limitations period for filing a federal habeas petition on the grounds alleged in this petition has therefore expired long ago.

Third, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). As a threshold matter, as Turner maintains, he has not yet filed a federal habeas petition (Dkt. 10 ¶ 1), thus, there is nothing for the Court to stay. Further, and more to the point, Turner has not established any cause—let alone good cause—for his failure to pursue all his claims when he became aware of them, which, again, by his own account, was in 2013.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** and that Petitioner Jonathan Turner's Application to Proceed IFP (Dkt. 11) be **DENIED**.

Dated: May 31, 2023
*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).